Mark Ankcorn (166871)
ANKCORN LAW FIRM, PC
11622 El Camino Real, Suite 100
San Diego, California 92130
(619) 870-0600
(619) 684-3541 fax
*mark@ankcorn.com*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Martha Gabriela Silva**, an individual, | Case No. **'16CV0651 DMS DHB** |
| Plaintiff, | **Complaint for Damages** |
| v. | Jury Trial Demanded |
| **Credit One Bank, N.A.**, | |
| Defendant. | |

1.    Martha Gabriela Silva ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and abusive attempts by Credit One Bank, N.A. ("Defendant"), and its agents to collect a debt, causing Plaintiff damages.

2.    For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## Jurisdiction and Venue

3.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227, and under 28 U.S.C § 1367 for pendant state law claims.

Complaint—1

4.     This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), along with tort claims.

5.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that Plaintiff resides in this District, Defendant transacts business in this District and the acts giving rise to this action occurred in this District.

**Parties**

6.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of San Marcos, California. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39) and California Civil Code § 1788.2(g).

7.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a national banking association operating from an address of 585 Pilot Road, Las Vegas, Nevada. Defendant is a person who, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Defendant is not an attorney or counselor at law, nor an association of such licensed professionals.

8.     At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

**Factual Allegations**

9.     Cal. Civ. Code §§ 1788.2(d), (e), and (f) define the terms "debt," "consumer credit transaction," and "consumer debt" together to include money which is due or owing, or alleged to be due or owing, from a natural person to another person and which is or was incurred primarily for personal, family, or household purposes.

10.     Defendant alleges in its communications with Plaintiff that she is responsible for credit card debt that is due or owing. Upon information and belief, Plaintiff alleges that this debt was incurred for personal, family, or household purposes and therefore meets the definition of a consumer debt under Cal. Civ. Code § 1788.2(f).

11.     Defendant's various communications with Plaintiff discussed in this Complaint all fall within the term "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

12.     Plaintiff is a subscriber to cellular telephone services for a telephone number ending in 9737, where she received the calls from Defendant complained of herein.

13.     Defendant obtained Plaintiff's contact information, including the 9737 number, through means unknown to Plaintiff.

14.     Beginning no later than May 16, 2015, and possibly earlier, Defendant initiated multiple telephonic communications from various telephone numbers to Plaintiff's cellular telephone number ending in 9737 using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227 (b)(1)(A).

15.     This ATDS used by Defendant to call Plaintiff had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16.     Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

17.     The calls continued at least through November 19, 2015 and came virtually every day and often more than once per day. From July 20, 2015 through November 19, 2015, only one day passed in this period (September 7)

without at least five phone calls from Defendant to Plaintiff's cellular telephone number ending 9737.

18.    In August 2015, Defendant called Plaintiff's cellular telephone number ending 9737 a total of 295 times, or an average of 9.52 times per day.

19.    In September 2015, Defendant called Plaintiff's cellular telephone number ending 9737 a total of 274 times, or an average of 9.13 times per day.

20.    In October 2015, Defendant called Plaintiff's cellular telephone number ending 9737 a total of 290 times, or an average of 9.35 times per day.

21.    In total, Plaintiff received at least 1,410 calls from Defendant on her cellular telephone number ending 9737 through November 19, 2015. Attached as Exhibit "A" is a list of the calls for which Plaintiff has records.

22.    The calls continue to the present day and Plaintiff seeks discovery to determine the exact number and timing. Based on the call history, Plaintiff conservatively estimates that well in excess of 2,000 calls have been placed by Defendant to her cellular telephone number ending 9737.

23.    None of the calls were made with Plaintiff's express consent.

24.    Each of the calls were made by Defendant or a third party acting on its behalf and under its control using telephone equipment that meets the definition of an "automatic telephone dialing system" under the TCPA.

25.    Plaintiff answered several of the above mentioned autodialed telephone calls from Defendant and asked Defendant to stop calling. Despite this clear and unmistakable request, the calls continue without interruption. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

26.    At various times, Defendant programmed its telephone dialing system to show as the incoming caller ID number telephone numbers in the 619, 858, and 760 area codes.

27.     Upon information and belief, Plaintiff alleges that Defendant has no call center in the 619, 858, or 760 area code and instead used false and misleading caller ID information in a calculated effort to increase the rate at which Plaintiff and other consumers would answer Defendant's collection calls.

28.     Plaintiff on numerous occasions did answer Defendant's collection calls when showing a 619, 858, or 760 caller ID area code, believing it to be a friend or relative.

29.     When Defendant began employing false and deceptive caller ID information for its incoming calls, Defendant tricked Plaintiff into answering many calls she did not intend to take, causing increased telephone charges.

30.     Plaintiff also began to ignore or send to voice mail many incoming calls from numbers she did not recognize, out of frustration in dealing with Defendant's unwanted and intrusive calls. In doing so, she missed many important communications from friends and family.

31.     Plaintiff's cellular telephone number ending in 9737 was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

32.     These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33.     Plaintiff did not provide prior express consent to receive calls or messages on Plaintiff's cellular telephone utilizing an ATDS, pursuant to 47 U.S.C. § 227 (b)(1)(A).

34.     These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

35.     Through this conduct of calling Plaintiff and causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number, Defendant engaged in conduct the natural consequence of which is to harass,

oppress or abuse any person in connection with the collection of the debt, in violation of 15 U.S.C. § 1692d(5), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

36.     Through this conduct of calling Plaintiff continuously after Plaintiff informed Defendant numerous times that Plaintiff wished the calls to cease, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

37.     Through this conduct of calling Plaintiff using deliberately false caller ID area code information, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

38.     Each of the above-described practices and conduct outlined in the preceding paragraphs also constitute unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

39.     Through this conduct of calling Plaintiff by means of an ATDS to a telephone number assigned to cellular service without first obtaining Plaintiff's express consent in order to collect on a consumer debt, Defendant used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

40.     Plaintiff felt frustrated and helpless as a result of the calls.  The unrelenting, repetitious calls disrupted Plaintiff's daily activities and peaceful enjoyment of her personal and professional life.

41.     The calls placed by Defendant to Plaintiff were extremely intrusive into Plaintiff's personal life, including her relationships with close family members.

42.     Defendant is no stranger to TCPA litigation. On January 24, 2013, a consumer filed a putative national class action against Defendant alleging violations of the TCPA for making calls using an ATDS to call her cell phone. *Foote v. Credit One Bank, N.A.*, Case No. 2:13-cv-512 (C.D.Cal.). This lawsuit was resolved but during the time when Defendant was placing calls to Plaintiff complained of here, it was facing at least three other national class actions for similar TCPA claims. See, e.g., *Bridge v. Credit One Financial, d/b/a Credit One Bank, N.A.*, Case No. 2:14-cv-1512 (D.Nev., filed Sept. 17, 2014); *Kristensen v. Credit One Bank, N.A.*, Case No. 2:14-cv-7963 (C.D.Cal., filed Oct. 15, 2014); *A.D. v. Credit One Bank, N.A.*, Case No. 1:14-cv-10106 (N.D.Ill., filed Dec. 17, 2014).

43.     Despite knowing its obligations under state and federal law to refrain from placing unconsent calls to consumers' cell phones, Defendant nevertheless placed more than two thousand calls to Plaintiff's cell phone in deliberate disregard of those duties and obligations.

**First Claim for Relief**

**Telephone Consumer Protection Act — 47 U.S.C. § 227(b)(1)**

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     Within a four-year period immediately preceding this action, Defendant made more than 2,000 calls to Plaintiff's cellular telephone service using an automatic telephone dialing system and/or an artificial or prerecorded voice in violation of the TCPA.

46.     As a direct and intended result of the above violations of the TCPA, Defendant caused Plaintiff to sustain damages.

47.     Defendant did not have prior express consent from Plaintiff to use an ATDS or to employ an artificial or prerecorded voice to call the Plaintiff's cellular telephone.

48.     Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of not less than $500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

49.     Defendant willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to as much as $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(C).

50.     Plaintiff is entitled to injunctive relief prohibiting such conduct in the future.

## Second Claim for Relief

## RFDCPA — Cal. Civil Code §§ 1788-1788.32

51.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

52.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

53.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant; and an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17 from Defendant.

**Third Claim for Relief**

**Negligence**

54.     Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

55.     Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the statutes described herein. Specifically, Defendant owed a duty to Plaintiff with regard to the manner of debt collection practices.

56.     Defendant breached Defendant's respective duties by engaging in the acts described herein each in violation of the statutes alleged herein.

57.     Plaintiff asserts that Defendant is both the actual and legal cause of Plaintiff's injuries.

58.     Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered significant emotional distress.

59.     Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct Defendant's conscious disregard for Plaintiff's rights entitles Plaintiff to recover punitive damages from Defendant.

**Fourth Claim for Relief**

**Invasion of Privacy**

60.     Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

61.     Plaintiff had an objectively reasonable expectation of privacy at home, at work, and when conducting her daily affairs, to expect that she would not be subject to a dozen or more phone calls every day for months at a time. Defendant's unrelenting campaign of harassment by placing more than two

1    thousand repeated phone calls intruded into this reasonable expectation of

2    privacy.

3        62.      The frequency and cumulative volume of Defendant's phone calls

4    were received in a manner that would be highly offensive to a reasonable person

5    in the same or similar circumstances.

6                           **Jury Trial Demand**

7        63.      Plaintiff demands a jury trial on each of the causes of action set

8    forth above, including the amount of statutory damages.

9                           **Prayers for Relief**

10       Wherefore, Plaintiff respectfully prays that judgment be entered against

11    Defendant for the following:

12        1.       An injunction against the calling of Plaintiff's cellular telephone by

13                Defendant and its contractors, agents and employees;

14        2.       Damages pursuant to 47 U.S.C. § 227(b)(3);

15        3.       Damages pursuant to Cal. Civ. Code §§ 1788.17 and 1788.30;

16        4.       General, special, and punitive damages according to proof;

17        5.       Costs of litigation and reasonable attorneys' fees;

18        6.       Such other and further relief as the Court may deem just and

19                proper

20    Dated:    March 16, 2016         Ankcorn Law Firm, PC

21                             */s/ Mark Ankcorn*

22                             Attorneys for Plaintiff

23

24

25

26

27

28